SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PABLO SANCHEZ,                                    Docket No.

        Plaintiff,                               

- against-                                        **VERIFIED COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER CHRISTIE
MILLER and POLICE OFFICER PETER MORALES,          Plaintiff demands trial by jury.

        Defendants.                             **MAUSKOPF, J.**
-----------------------------------------------------------------X                              GOLD, M.J.

    Plaintiff, PABLO SANCHEZ, for his Verified Amended Complaint by his attorney, NUSSIN S. FOGEL, respectfully alleges as follows:

JURISDICTION

    1.    This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States and the Constitution of the State of New York. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the 4th, 8th and 14th Amendments to the United States Constitution. The Court has jurisdiction over the federal law claims in this action pursuant to 28 U.S.C. §§1331, 1343 and 2201. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

PARTIES

    2.    Plaintiff, PABLO SANCHEZ, is a resident of Kings County in the State of New York.

    3.    Defendant, CITY OF NEW YORK, is a municipality duly organized under the laws of the State of New York.

    4.    Defendant, POLICE OFFICER CHRISTIE MILLER, Shield Number 23813,

was and is, at all times relevant to this complaint, a police officer with the New York Police Department, a municipal agency of the defendant, CITY OF NEW YORK, and is assigned to the Seventy-Fifth (75th) Precinct, located at 1000 Sutter Avenue, Brooklyn, NY, 11208. His actions, as alleged in this complaint, were taken under color of the law.

5. Defendant, POLICE OFFICER PETER MORALES, Shield Number 22005, was and is, at all times relevant to this complaint, a police officer with the New York Police Department, a municipal agency of the defendant, CITY OF NEW YORK, and is assigned to the Seventy-Fifth (75th) Precinct, located at 1000 Sutter Avenue, Brooklyn, NY, 11208. His actions, as alleged in this complaint, were taken under color of the law.

FACTS

6. On or about, September 24, 2010, plaintiff, PABLO SANCHEZ, was improperly seized, assaulted, beaten and battered, without reason or cause, by defendant-officers, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES, while said officers were effectuating plaintiff's arrest.

7. On or about, September 24, 2010 at approximately 6:50 p.m., plaintiff, PABLO SANCHEZ, was speaking with his wife on the front porch of his home located at 289 Etna Street, Brooklyn, NY 11208. This conversation developed into a verbal dispute between the plaintiff and his wife.

8. At the aforementioned time and place, defendants, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES, approached the plaintiff and his wife, inquiring about the dispute. Plaintiff's wife informed the defendant-officers that nothing was wrong. Without reason, explanation or provocation, the defendant-officers preceded to forcibly push the plaintiff to the ground causing plaintiff to fall.

9. After knocking plaintiff to the ground, the defendant-officers began to kick and punch the plaintiff about the head, face and torso. Both prior to and during the altercation, plaintiff herein did not resist, flail his arms or legs or verbally antagonize the defendant-officers in any way. While the defendant-officers were striking the plaintiff, his wife repeatedly pleaded with the officers to stop hitting him and told the officers that the plaintiff had not done anything to her. The defendant-officers ignored plaintiff's wife's appeals and continued to beat the plaintiff mercilessly. The defendant-officers eventually ceased their attack, lifted plaintiff to the ground and placed him in handcuffs. Plaintiff herein was visibly injured and was bleeding, necessitating medical treatment at the scene.

10. An ambulance was called and arrived shortly thereafter. The paramedics treated plaintiff's injuries and cleaned his wounds. After being treated at the scene, plaintiff herein was put in the defendant-officers vehicle and taken to the Seventy-Fifth (75th) Precinct.

11. Upon arrival at the precinct, plaintiff herein was placed in a holding cell and remained thereat until the early morning of September 25, 2010. At this time plaintiff herein was offered food, but could not get up or eat because of the pain he was feeling. An ambulance was called to the precinct and plaintiff herein was taken to the hospital.

12. At approximately 4:00 a.m., September 25, 2010, plaintiff herein was transported from the Seventy-Fifth (75th) Precinct to Brookdale University Hospital located at One Brookdale Plaza, Brooklyn, NY 11212, under police custody. Plaintiff herein was diagnosed and treated for numerous injuries, including but not limited to, nasal and orbital fractures.

13. At approximately 12:00 p.m. on September 25, 2010, plaintiff herein was

discharged from the hospital and was taken back to the Seventy-Fifth (75th) Precinct. Plaintiff herein remained in the precinct until approximately 8:30 p.m. when he was then transferred to the Kings County Central Booking Facility.

14. Plaintiff herein remained in the Kings County Central Booking Facility until his arraignment and release on September 26, 2010 at approximately 10:00 a.m. Plaintiff herein was charged with several offences and was caused to make numerous appearances in New York State Criminal Court.

15. On April 1, 2011, all charges against plaintiff herein were dismissed and sealed pursuant to New York Criminal Procedure Law §160.50.

16. Plaintiff herein has complied with all of the conditions precedent pursuant to New York General Municipal Law §50-e to the bringing the within action and more particularly, on or about the December 17, 2010, plaintiff duly served a written Notice of Claim upon the defendant, CITY OF NEW YORK, and within ninety (90) days after the occurrence set forth herein and assigned claim number 2010PI039357; that, more than 30 days have elapsed since said Notice of Claim has been served; that said claim remains unadjusted and defendant herein has failed and refused to make any adjustments of said claim; that the within action has been commenced within one (1) year and ninety (90) days of the date of the occurrence and that defendant, CITY OF NEW YORK, conducted a statutory hearing on January 3, 2011.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff herein repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs "1" through "16" as if the same had been fully set forth herein.

18. That, at the aforementioned time and place, plaintiff herein was improperly

seized, stuck, assaulted, beaten and battered, by defendants herein, without provocation or knowledge that plaintiff herein posed a danger to himself and others.

19. That, defendants herein used their position and power which was clearly unlawful and unjust in light of the circumstances existing at the time.

20. That, defendants herein used their power and position with the intent to inflict unnecessary harm on plaintiff herein, in spite of their knowledge that plaintiff herein did not pose a danger to himself or anyone else.

21. That, the improper seizure, striking, assault, beating and battering of plaintiff herein by defendants herein violated plaintiff's civil rights as well as the rights afforded under the Constitution of the State of New York and are liable to plaintiff herein under 42 U.S.C. § 1983.

22. That, the acts of defendants herein were done under the color of law and under the color of authority to be executed justly by defendants herein.

23. That, the violation of plaintiff's constitutional rights was caused by the implementation of a custom, policy and/or official act of the defendant, CITY OF NEW YORK.

24. That, the policies to improperly seize, strike, assault, beat and batter citizens of the City of New York arose out of the practices of defendants herein; and their failure to carry out and enforce the laws of the State of New York is evidence of the reckless lack of cautious regard for the rights of citizens including plaintiff herein; and that defendants herein exhibited a lack of that degree of due care which prudent and reasonable individuals would exercise in executing the duties of defendants herein.

25. That, the failure of defendants herein in the exercise of their functions and

their failure to enforce the laws of the State of New York were carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the City of New York which include plaintiff herein.

26. That, as a result of the aforesaid violations of plaintiff's constitutional rights, plaintiff herein has been damaged in the sum of ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff herein repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs "1" through "26" as if the same had been fully set forth herein.

28. That, at the aforementioned time and place, plaintiff herein was improperly seized, struck, assaulted, beaten and battered, by defendants herein, without provocation or knowledge that plaintiff herein posed a danger to himself or anyone else.

29. That, defendants herein, used their position and power which was clearly unlawful and unjust in light of the circumstances existing at the time.

30. That, defendants herein, used their power and position with the intent to inflict unnecessary harm on plaintiff, in spite of their knowledge that plaintiff herein did not pose a danger to himself or anyone else.

31. That, the improper seizure, striking, assault, beating and battering of plaintiff herein by defendants herein constituted an improper seizure and thereby violated plaintiff's rights under the Fourth Amendment of the United States Constitution prohibiting unlawful search and seizure as well as the civil rights protection afforded under the Constitution of the State of New York.

32. That, the acts of defendants herein were done under the color of law and under the color of authority to be executed justly by defendants herein.

33. That, the violation of plaintiff's constitutional rights was caused by the implementation of a custom, policy and/or official act of defendant, CITY OF NEW YORK.

34. That, the policies to improperly seize, strike, assault, beat and batter citizens of the City of New York arose out of the practices of defendants herein; that, their failure to carry out and enforce the laws of the State of New York is evidence of the reckless lack of cautious regard for the rights of citizens including plaintiff herein; and defendants herein exhibited a lack of that degree of due care which prudent and reasonable individuals would exercise in executing the duties of defendants herein

35. That, the failure of defendants herein in the exercise of their functions and their failure to enforce the laws of the State of New York was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York which include plaintiff herein.

36. That, as a result of the aforesaid violations of plaintiff's constitutional rights, plaintiff herein has been damaged in the sum of ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

37. Plaintiff herein repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs "1" through "36" as if the same had been fully set forth herein.

38. That, at the aforementioned time and place, plaintiff herein was improperly seized, struck, assaulted, beaten and battered, by defendants herein, without provocation

or knowledge that plaintiff herein posed a danger to himself or anyone else.

39. That, defendants herein, used their position and power which was clearly unlawful and unjust in light of the circumstances existing at the time.

40. That, defendants herein, used their power and position with the intent to inflict unnecessary harm on plaintiff, in spite of their knowledge that plaintiff herein did not pose a danger to himself or anyone else.

41. That, the improper seizure, striking, assault, beating and battering of plaintiff herein by defendants herein violated plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment as well as the civil rights protection afforded under the Constitution of the State of New York.

42. That, the acts of defendants herein were done under the color of law and under the color of authority to be executed justly by defendants herein.

43. That, the violation of plaintiff's constitutional rights was caused by the implementation of a custom, policy and/or official act of defendant, CITY OF NEW YORK.

44. That, the policies to improperly seize, assault, batter, and injure citizens of the City of New York arose out of the practices of defendants herein; that their failure to carry out and enforce the laws of the State of New York is evidence of the reckless lack of cautious regard for the rights of citizens including plaintiff herein; and defendants herein exhibited a lack of that degree of due care which prudent and reasonable individuals would exercise in executing the duties of defendants herein

45. That, the failure of defendants herein in the exercise of their functions and their failure to enforce the laws of the State of New York was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a

conscious disregard for the dangers of harm and injury to the citizens of the State of New York which include plaintiff herein.

46. That, as a result of the aforesaid violations of plaintiff's constitutional rights, plaintiff herein has been damaged in the sum of ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION

47. Plaintiff herein repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs "1" through "46" as if the same had been fully set forth herein.

48. That, at the aforementioned time and place plaintiff herein was improperly seized, struck, assaulted, beaten and battered, by defendants herein, without provocation or knowledge that plaintiff herein posed a danger to himself or anyone else.

49. That, defendants herein, used their position and power which was clearly unlawful and unjust in light of the circumstances existing at the time.

50. That, defendants herein, used their power and position with the intent to inflict unnecessary harm on plaintiff, in spite of their knowledge that plaintiff herein did not pose a danger to himself or anyone else.

51. That, the improper seizure, striking, assault, beating and battering of plaintiff herein by defendants herein constituted a deprivation of plaintiff's life, liberty or property, without due process of law, thereby violating plaintiff's rights protected under the Fourteenth Amendment of the United States Constitution as well as the civil rights protection afforded under the Constitution of the State of New York.

52. That, the acts of defendants herein were done under the color of law and under the color of authority to be executed justly by defendants herein.

53. That, the violation of plaintiff's constitutional rights was caused by the implementation of a custom, policy and/or official act of defendant, CITY OF NEW YORK.

54. That, the policies to improperly seize, strike, assault, beat and batter citizens of the City of New York arose out of the practices of defendants herein; that, their failure to carry out and enforce the laws of the State of New York is evidence of the reckless lack of cautious regard for the rights of citizens including plaintiff herein; and defendants herein exhibited a lack of that degree of due care which prudent and reasonable individuals would exercise in executing the duties of defendants herein.

55. That, the failure of defendants herein in the exercise of their functions and their failure to enforce the laws of the State of New York was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York which include plaintiff herein.

56. That, as a result of the aforesaid violations of plaintiff's constitutional rights, plaintiff herein has been damaged in the sum of ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION

57. Plaintiff herein repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs "1" through "56" as if the same had been fully set forth herein.

58. That, on or about September 24, 2010 at approximately 6:50 p.m., plaintiff, PABLO SANCHEZ, was seized, struck, assaulted, beaten and battered by defendant police officers, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES.

59. That, at the aforesaid time, plaintiff herein was improperly seized, struck, assaulted, beaten and battered by defendants herein.

60. That, defendants, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES, carelessly, negligently and recklessly inflicted the aforesaid injuries upon plaintiff herein and failed to exercise the necessary amount of care and caution which a reasonable person would have exercised to prevent this foreseeable occurrence.

61. That, plaintiffs injuries were due solely to the careless, negligent and reckless conduct on the part of defendants, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES, without any negligence on the part of plaintiff herein contributing thereto.

62. That, defendants herein disregarded their duty to protect plaintiff herein; failed to prevent plaintiff herein from being improperly seized, struck, assaulted, beaten and battered; and negligently, carelessly and recklessly performed and executed their police, enforcement and investigational duties.

63. That, defendants herein were negligent in failing to provide adequate safeguards and protection so that plaintiff herein would not be seized, stuck, assaulted, beaten and battered without provocation or knowledge that plaintiff herein posed a danger or threat; and defendants herein negligently, carelessly and recklessly failed to take all and reasonable and necessary measures and precautions to prevent the occurrence herein.

64. That, the occurrence herein was occasioned solely and wholly as a result of the negligence of the defendants herein in the performance and execution of their police, enforcement and investigational duties.

65. That, as a result of the aforesaid occurrence, plaintiff herein suffered serious and severe personal and emotional injuries and out-of-pocket expenses all to her damage in the sum of ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS.

## AS FOR A SIXTH CAUSE OF ACTION

66. Plaintiff herein, repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1" through "66" as if the same had been fully set forth herein.

67. That, at the aforementioned time and place defendants, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES, seized, struck, assaulted, beat and battered plaintiff herein.

68. That, the aforesaid actions of defendants, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES, was done willfully and intentionally, with the intent to inflict serious and severe personal injuries on plaintiff herein.

69. That, by virtue of the aforesaid, plaintiff herein suffered serious and severe personal and emotional injuries and out-of-pocket expenses all to her damage in the sum of ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION

70. That, plaintiff herein repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1" through "69" as if the same had been fully set forth herein.

71. That, defendants, CITY OF NEW YORK, disregarded its duty to protect plaintiff herein; failed to prevent the aforesaid defendant police officers from improperly seizeing, striking, assaulting, beating and battering plaintiff herein and took no action to stop these unlawful acts.

72.  That, defendant, CITY OF NEW YORK, knew or should have known that, prior to, at and subsequent to the time when defendants employed and engaged defendants, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES, they were persons of incompetence and indifference; had previously caused other individuals to be improperly seized, struck, assaulted, beaten and battered without just cause or provocation and were known by general reputation to be incompetent and indifferent.

73.  That, defendant, CITY OF NEW YORK, failed and neglected to make any, or appropriate, inquiries with respect to the competence and temperament and character of defendants, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES, prior to, at or subsequent to the time defendant, CITY OF NEW YORK, employed and engaged said defendants, POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES.

74.  That, defendants, CITY OF NEW YORK and NEW YORK POLICE DEPARTMENT, were negligent in failing to provide adequate security so as to protect plaintiff herein who was a lawful citizen and carelessly failed to take all and reasonable necessary precautions to prevent the occurrence herein.

75.  That, the occurrence herein was occasioned solely and wholly as a result of the negligence of the defendants, CITY OF NEW YORK, in its supervision, training, hiring and retention of POLICE OFFICER CHRISTIE MILLER and POLICE OFFICER PETER MORALES.

76.  That, by reason of the aforesaid, defendant, CITY OF NEW YORK, was negligent in hiring and retaining defendants, POLICE OFFICER CHRISTIE MILLER and

POLICE OFFICER PETER MORALES.

77. That, by virtue of the aforesaid, plaintiff herein suffered serious and severe personal and emotional injuries and out-of-pocket expenses all to her damage in the sum of ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS.

WHEREFORE, plaintiff herein demands judgment against defendants herein as follows:

A. In the sum of ONE MILLION AND 00/100 ($1,000,000.00) DOLLARS for each cause of action or an amount to be determined by a jury for each cause of action;

B. Award in a sum of money for punitive damages on each cause action to be determined by a jury;

C. Reasonable attorneys' fees, costs and disbursements incurred in the prosecution of the within action.

D. Such other and further relief as to this Court may deem just and proper.

JURY DEMAND:

Plaintiff demands a trial by jury of all issues in the within action.

Dated: New York, NY
September 12, 2011

Yours, etc.,

NUSSIN S. FOGEL (NF1384)
Attorney for Plaintiff
Office & P.O. Address
299 Broadway, Suite 620
New York, NY 10007
(212) 385-1122